The MONTANA POWER COMPANY, a Montana Corporation, Plaintiff and Respondent, v. FERGUS ELECTRIC CO-OPERATIVE, INC., a Corporation, and C. W. Rader, as Manager of Fergus Electric Co-operative, Inc., Defendants and Appellants.

No. 11457.

Submitted October 16, 1968. Decided November 15, 1968.

447. P.2d 483.

Hoyt & Bottomly, R. V. Bottomly (argued), Great Falls, for defendants and appellants.

William H. Coldiron, Melvyn M. Ryan, John C. Hauck (argued), Butte, James C. Wilkins, Lewistown, for plaintiff-respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from the district court of Fergus County. Plaintiff power company sought to restrain defendant electric co-operative and its manager from supplying electrical energy

to a propane plant being erected by the Farmers Union Central Exchange near Lewistown, Montana. Following a trial the district court made findings of fact and conclusions of law and entered judgment granting a permanent injunction against defendant. This appeal followed.

Defendants present several issues for reviews but essentially if the first question they raise is decided adversely to their position none of the others require any consideration. First, then, is it unlawful for the defendant electric co-operative to supply electric energy to the propane plant here involved?

In 1967 these same litigants were before this Court in Montana Power Co. v. Fergus Electric Co-Op., 149 Mont. 258, 425 P.2d 329. That case involved property owned by the Peavey Company and on page 260, volume 149, of the Montana Reports, 425 P.2d on page 331 an exhibit was reproduced which delineates the area. On that exhibit the Peavey property is indicated in black; the defendant's electric line is indicated on the exhibit as going toward the Peavey property in a southeasterly direction and making a right angle turn to the southwest and ending between two railroad tracks of the C. M. St. P. & P. R. R., adjacent to the northeast corner of the Peavey property. The propane plant site occupies the area from approximately this point on southeasterly between the two railroad tracks. Thus the propane plant site is across State Highway No. 19 and a railroad track from the Peavey property and approximately 105 to 110 feet therefrom. Since plaintiff is serving the Peavey property it required only an extension of its lines for 360 feet to serve the propane plant, which lines the plaintiff installed.

In the 1967 case we held that under section 14-502, R.C.M. 1947, the co-operative could not legally serve the Peavey property unless there was no service available from existing facilities and plants.

Section 14-502, R.C.M.1947, so far as pertinent here, provides:

"14-502. Purpose. Co-operative, non-profit, membership corporations may be organized under this act for the following purposes:

"(a) For the purpose of supplying electric energy and promoting and extending the use thereof in rural areas, in which electrical current and service are not otherwise available, from existing facilities and plants * * *."

Under this provision of our statutes it is clear that the defendant co-operative could not legally serve this propane plant unless there was no service available from existing facilities and plants. This is not an interpretation by this Court, it is statutory law of the state. In view of the fact situation here existing we can only reiterate what we have previously said, and the judgment of the district court must be affirmed.

While the defendant requests this Court to change the statutory law of Montana in this respect, it and the other electric co-operative corporations in Montana know that such changes are effected by the Legislature.

The judgment of the district court is affirmed.

MR. JUSTICES HASWELL, ADAIR, JOHN CONWAY HARRISON and CASTLES concur.